Opinion of the court, by
Judge Burnet :
The complainants claim under an entry in the name of Stubblefield, in the following words: Beverly Stubblefield *en *195 ters two hundred acres of land, on part of a military warrant, No. 1,203, on the waters of the Little Miami, beginning at the lower back corner of John Jamieson’s survey, No. 387, running with his back line to the line of John Woodford’s survey,. No. 548, then with Woodford’s line to the corner of John Stokes’ survey, No. 390, and with Stokes’ line to the Beginning.”
The defendant claims a part of the same land on a junior entry, on which he has obtained the eldest patent.
The location of the complainants cover a tract of land, in a triangular shape, formed and bounded by the three surveys called for in the entry. The location has been surveyed agreeably to the calls of the entry, and a patent has issued, but subsequent in date to the patent of the complainants. It is alleged in the answer, that Stubblefield’s entry and survey appropriate more land than the warrant covers, but it is admitted that its calls are precise and certain; that the objects called for were notorious at the time of the entry, and that it is good for the quantity of land which the locator had, or ought to appropriate. The case, therefore, as presented by the pleadings, would seem to depend on a matter of fact, whether the calls of the entry, as they exist on the records in the surveyor’s office, do, or do not include more than two hundred acres.
The course and the length of each of the three lines which Stubblefield calls for as his boundary, have been ascertained, and a protraction has been made, from which it appears that his location, on paper, conveys less than two hundred acres; he has, therefore, professed to enter the quantity named in his warrant, but by the course and distance of his lines, as they are recorded, has actually entered less. The ascertaining of this fact, it was supposed, would settle the controversy, but I understood the defendant’s counsel as contending in their argument, that if the courses and distances, as. described in an entry, contain .the precise quantity of land expressed, and intended to be appropriated, yet if the lines and courses were notorious, and are ascertained, by actual survey on the ground, to contain a greater quantity of land than is expressed in the warrant, the entry does not appropriate the whole of the land within its boundaries, but that in such case the quantity of land which the locator is ^entitled to, shall be laid off on each line, as a base, and that the locator shall be considered as covering only so much of the land as is common to all the surveys. This *196 rule, or mode of surveying, has been established in Kentucky, for the laudable purpose of sustaining locations that would otherwise be void; but I understand that rule as applying to cases where the-calls of the entry professedly include too much land, and not where the excess is owing, either to some inaccuracy in the course, or in the measurement of the lines. The error of a surveyor, in placing his corners at a greater distance from each other than he intended, or in placing them somewhat out of the course he is calling for, so as to make the entry, by a survey on the ground, include too much land, has never been considered as affecting the validity of the location; if it did, by far the largest number of entries in the district would be void. If a locator will venture to-call for notorious, sensible objects, without attempting to ascertain the distance between them,- and by so doing appropriates too much-land, this objection will apply. Such was the fact in the cases reported in 3 Bibb and 1 Marshall. But in this case, the locator called for lines of surveys which had been previously measured. The length and course of those lines was stated on the record; he called for them as they were stated, and by those calls, the entry is ascertained to include less land than the warrant entitled him to. It appears, however, from a correct resurvey, that those lines, or some of them, are, in fact, longer than the recorded distance; and it is owing to this circumstance, that the location contains more land than the warrant was issued for.
There is but one fact that can distinguish this case, in any degree, from any ordinary case of surplus, ascertained by a resurvey, which is this: that the entry calls for lines and corners that existed, and were known, when the location was made; and the-only question arising on this fact is, whether the locator had a right to rely on the recorded length of those lines, as they had' been ascertained by former surveyors, or whether he was bound, at his peril, to remeasure and correct any error that might exist. If the latter be insisted on, the proposition amounts to this: that, an error in distance, which does not injure the location of him who committed *it, shall be fatal to a subsequent locator, to-whom it was not known, and who has innocently relied on the correctness of a public record.
On principle, the objection urged against Stubblefield applies with more force to the surveys of Jamieson and others, for which he calls; because the error increases the quantity of land in their *197 -.surveys beyond the amount of their warrants, in the same manner that it does the land of Stubblefield, and this consequence results from their own inaccuracy. The defendant does not pretend that those surveys are injured by their surplus. But why not? It is because it appears of record, that the owners professed to take the quantity they were respectively entitled to, and no more; and because we are bound to attribute the variance, or excess, to the ■ordinary inaccuracy of measuring through a forest. The same excuse may be offered for the complainants, and with more propriety.
The fact, whether Stubblefield’s entry includes too much land, or not, so far as it is to affec.t the legality of the entry, must be determined by the courses and distances, as they are found on •record, and not by the remeasurement of the ground.
"We do not distinguish between a call for course and distance, ascertained by the locator who makes the call, and a call for the recorded course and distance, of an existing survey, ascertained by a former locator. In either case, the validity of the location, as •far as quantity affects it, must be ascertained by the calls, and not by remeasurement. ,
If this view of the subject be correct,.the case is not within the decisions cited from Kentucky, and the elder patent of the defendants can not prevail over the. prior equity of the complainants.